```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


RUDOLPH ST. GERMAIN                              CIVIL ACTION
individually and on behalf of others
similarly situated

VERSUS                                           No. 07-3563

SCOTTSDALE INSURANCE COMPANY                     SECTION: I/5
```

### ORDER AND REASONS

Before the Court is plaintiff's, Rudolph St. Germain's ("St. Germain"), motion to set class certification hearing date.[1] For the following reasons, plaintiff's motion is **DENIED** and the class allegations in plaintiff's complaint are **DISMISSED**.[2]

Although captioned as a motion to set a class certification hearing date, St. Germain's motion actually requests that the Court *extend* the previously established deadline for class certification motions. Pursuant to Local Rule 23.1(B), St.Germain's motion for class certification was due no later than September 30, 2007, which is 90 days after St. Germain filed his case in federal court.[3]

---

[1] Rec. Doc. No. 35.

[2] In its memorandum in opposition to St. Germain's motion, defendant, Scottsdale Insurance Company, requests that, in addition to denying St. Germain's motion, the Court dismiss the class allegations in St. Germain's complaint. Rec. Doc. No. 38, p. 5.

[3] Local Rule 23.1(B) states, "[w]ithin 90 days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a certification under [Federal Rule of Civil Procedure] 23(c)(1), as to whether the case is to be maintained as a class action." This Local Rule is applicable to both the Eastern and Middle Districts of Louisiana. Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure requires that, "[w]hen a person sues or is sued as a representative

Considering the fact that St. Germain fails to show good cause[4] for his failure to comply with the hearing deadline established by Local Rule 23.1(B) and for why the Court should now, nearly four months after the deadline, consider an extension, the Court shall not entertain St. Germain's motion.

Accordingly,

**IT IS ORDERED** that St. Germain's motion to set class a certification hearing date is **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent that St. Germain's complaint seeks to bring claims on behalf of a class of unnamed plaintiffs, those claims are **DISMISSED**.[5]

New Orleans, Louisiana, February <u>19th</u>, 2008.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

of a class, the court must--at an early practicable time--determine by order whether to certify the action as a class action."
See Rec. Doc. No. 1, St. Germain's complaint.

[4]Local Rule 23.1(B) provides that the 90 day period for filing motions for class certification shall be extended after a showing of good cause.

[5]*See, e.g., McGuire v. Gulf Stream Coach,* Inc., 2007 WL 1198935, at *1 (E.D. La. Apr. 20, 2007) (Lemmon, J.); *Lauer v. Chamale Cover*, 2007 WL 203974, at *1 (E.D. La. Jan. 24, 2007); *Stewart v. Project Consulting Servs., Inc.*, 2001 WL 1000732, at *2 (E.D. La. Aug. 28, 2001) (Fallon, J.); *Cook v. Ill. Cent. R.R.*, 1995 WL 110621, at *1 (E.D. La. Mar. 10, 1995) (Vance, J.).